UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HENRY PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1018-JDT-cgc |
| | ) | |
| MADISON COUNTY, TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO AMEND AND DIRECTING CLERK
TO MODIFY THE DOCKET, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On February 4, 2020, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff James Henry Parker against Madison County, Tennessee, but allowed him to file an amended complaint. (ECF No. 6.) Parker timely filed a motion to amend, (ECF No. 7), which is GRANTED. The Clerk is directed to MODIFY the docket to add the following additional Defendants: John Mehr, the Sheriff of Madison County; Jerry Gist, the former Mayor of both Madison County and the City of Jackson; and Scott Conger, the current Jackson Mayor.[1] The amended complaint is now before the Court for screening.

---

[1] The Jackson Mayor, identified only as "Mr. Conger" by Parker, is Scott Conger. *See* www.jacksontn.gov/government/departments/mayor_s_office/about_the_mayor. Defendant Gist, identified by Parker as the Mayor of Madison County, was County Mayor only from 2002 to 2007; he then was Mayor of the City of Jackson from 2007 to 2019. *See* Adam Friedman, *The*

Parker's original complaint alleged various problems with conditions at the Madison County Criminal Justice Complex (CJC), including double-celling of inmates in overcrowded conditions and an "unfit" building. (ECF No. 1 at PageID 2.) He also asserted there is black mold in the CJC that is hazardous to his health. (*Id.*) The Court dismissed the complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 6.) The Court found "no factual allegations in the complaint setting out how he was personally affected or harmed by the conditions of which he complains." (*Id.* at PageID 20.) With respect to Defendant Madison County, the Court ruled that Parker had not "allege[d] that a Madison County policy is responsible for the conditions of the CJC. He merely allege[d] that the unpleasant conditions exist." (*Id.*)

Parker's amendment repeats his original complaint's allegations of overcrowding and mold at the CJC. (ECF No. 7 at PageID 23-24.) He alleges that his "health is declining" due to these conditions. (*Id.* at PageID 24.) The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 6 at PageID 18-19), and need not be repeated in detail herein.

Similar to the original complaint, Parker's amended claims as to Madison County still fail to allege that the County itself is responsible for the CJC's conditions. (*See* ECF

---

*Legacy of Jerry Gist*, The Jackson Sun, June 29, 2019, www. jacksonsun.com/story/news/ politics/2019/06/29/jerry-gist-jackson-tn-mayor-legacy-madison-county/1545849001/. It is unclear whether Parker actually intended to sue Gist, the former mayor of both the County and the City, or if he was trying to sue Jimmy Harris, the current Madison County Mayor. *See* www.madisoncountytn.gov/ 89/County-Mayor.

No. 7.) He once again simply alleges that unpleasant conditions exist, without demonstrating an unconstitutional County custom or policy that has caused the alleged mold and overcrowding. (*Id.*) Parker's amended complaint therefore fails to state a claim against Madison County.

To the extent Parker intends to assert official capacity claims against Mehr, Gist, and Conger, his claims are against Madison County and the City of Jackson. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019). The amended complaint, however, does not state a valid § 1983 claim against the County, as discussed above. That is, Parker does not allege that he suffered an injury because of an unconstitutional County policy or custom. Likewise, he does not allege that an unconstitutional custom or policy of the City of Jackson caused him injury.[2] Thus he has no cognizable official capacity claims against Mehr, Gist, or Conger.

As to Parker's claims against Defendants Mehr, Gist, and Conger in their individual capacities, the amended complaint alleges that Parker's "health is declining" due to mold conditions at the CJC. He refers to "increased nasal congestion drainage and or pressure, headaches, chest tightness, increased work of breathing, rib pain, chest pains of inspiration, chest congestion, cough with phllym [sic] production[,] occasional nausea, vomitting [sic] and diareatha [sic] [and] joint and muscle pain, I am hampered daily with feeling of

---

[2] Parker does not allege the City of Jackson even has the authority to control conditions at the CJC, a Madison County facility.

3

sickness and impen[d]ing doom." (ECF No. 7 at PageID 24.) He alleges that his "sick calls and reports to facility staff are often overlooked and/or go unaddressed." (*Id*.)

Parker's mold allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837-38.

"Exposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation." *Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008). Parker alleges that he suffered injury and harm from being exposed to mold. (ECF No. 7 at PageID 24.) With that allegation, Parker could plausibly satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Morales*, 2008 WL 4585340, at *14.

However, assuming Parker can meet the objective component, he does not sufficiently allege the subjective component of an Eighth Amendment claim. Parker does not allege that either Mehr, Gist, or Conger were actually aware of the mold conditions and did nothing about them. He alleges only that he submitted "sick calls and reports to facility staff which are often overlooked and/or go unaddressed." (ECF No. 7 at PageID 24.)[3] He does not allege that Mehr, Gist, or Conger received or were even aware of his grievances, were aware of the mold and its health risks to Parker, and deliberately ignored those conditions.[4] Parker cannot sue these Defendants merely because they are, or were, in positions of authority. Rather, he must allege their personal involvement in the asserted deprivation of his rights. He does not do so.[5] *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (citing *Monell*, 436 U.S. at 691-95; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Failure to act in response to a grievance generally does not amount to the type of personal involvement that supports § 1983 liability.

---

[3] Because Parker has "no inherent constitutional right to an effective prison grievance procedure," he cannot premise a claim under § 1983 on contentions that the grievance procedure was inadequate. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

[4] If Parker intended to sue current Madison County Mayor Jimmy Harris instead of Gist, the same reasoning applies.

[5] Moreover, as to Defendants Conger and Gist, Parker does not allege the current and former Mayors of the City of Jackson had any authority to respond to grievances from CJC inmates or alter conditions at that Madison County facility. (As stated, *supra* note 1, Gist has not been the County Mayor since 2007.)

Not having alleged any Defendant's personal involvement in failing to remedy the mold problem at the CJC, Parker does not meet the subjective component of an Eighth Amendment violation. He therefore does not state any Eighth Amendment claims against Mehr, Gist, or Conger in their individual capacities.

For these reasons, the Court concludes that Parker's amended complaint also fails to state a claim on which relief can be granted. Therefore, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Parker in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Parker would not be taken in good faith.

If Parker nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Parker, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE